Governor HARRIS, Petitioner,

v.

Paul PRAST and Attorney General of Wisconsin, Respondents.

No. 78–C–550.

United States District Court,
E. D. Wisconsin.

Oct. 23, 1978.

Howard B. Eisenberg, State Public Defender, by Jack E. Schairer, Asst. State Public Defender, Madison, Wis., for petitioner.

Bronson C. LaFollette, Wis. Atty. Gen., by Edward S. Marion, Asst. Atty. Gen., Madison, Wis., for respondents.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner alleges that he is confined in violation of the United States Constitution because the trial court considered, in imposing sentence, its belief that the petitioner and his co-defendant had presented a sham defense by bringing in witnesses to lie for the defense, and because the trial court permitted the state prosecutor to call counsel for the petitioner's co-defendant as a witness. The writ will be granted conditionally.

The petitioner, Governor Harris, was convicted on August 27, 1975, after a state court jury trial on charges of abduction in violation of Wis.Stats. §§ 940.32(3) and 939.05, sexual perversion contrary to Wis.Stats. §§ 944.17(1) and 939.05, and obstructing an officer contrary to Wis.Stats. § 946.41(1). The judgment of conviction was appealed to the Wisconsin supreme court, which modified the judgment to reflect a credit for time spent in confinement prior to trial and affirmed the convictions in all other respects. *Harris v. State,* 78 Wis.2d 357, 254 N.W.2d 291 (1977).

Mr. Harris' first ground for relief alleges improper sentencing, and the second ground for relief alleges a denial of due process at trial. Since the second ground, if meritorious, would require a new trial, I will consider such ground for relief first. The circumstances under which Mr. Davis was called as a witness are recounted in the Wisconsin court's opinion and will not be repeated here. The court held that an attorney should normally not be permitted to testify at a trial in which he is also an advocate, but the court concluded:

> "Mr. Davis' testimony did not prevent Harris from obtaining a fair trial however. The testimony was brief and collateral; it tended to corroborate and not to impeach the defense witness Ms. Simmons." 78 Wis.2d at 369, 254 N.W.2d at 298.

Mr. Harris urges that this finding of harmless error is insufficient in a habeas corpus proceeding because it does not appear to be formulated in terms of the harmless error standard prescribed by *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). I am persuaded that the Wisconsin supreme court's opinion fairly and adequately disposed of this claimed constitutional error and that such disposition satisfies the harmless error standard prescribed by *Chapman.* Accordingly, I reject the petitioner's second ground for habeas corpus relief.

Mr. Harris' first ground for relief asserts that the trial court deprived him of due process and equal protection by attributing to him subornation of perjury and by enhancing his sentence on that basis. His claim is based on the following statement made by the trial judge at sentencing:

> "[The defendants' crime is] bad enough, in the court's view; and then when the defendants brought in a number of witnesses, in the court's view, to lie to the jury, to tempt their consciouses [sic], that simply aggravated the original offenses. Fortunately, the jury, in the court's view, saw through the sham of the defense which the defendants proposed to the jury; and in the court's view, returned a verdict which was entirely proper."

Maximum sentences were imposed on each count although the prosecutor did not argue for maximum sentences.

It is uncertain to what extent, if at all, the trial judge enhanced Mr. Harris' sentence because of his belief that the defendants suborned perjury. However, his statement that the defendants' efforts toward that end "aggravated the original offenses" requires a presumption that some enhancement might have occurred, although the maximum sentence might have been imposed in any case. I therefore must address the question whether the sentence was imposed without due process.

In *United States v. Grayson,* —— U.S. ——, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978), the Court held that it was not improper for a sentencing judge, in fixing the sentence within the statutory limits, to give consideration to the defendant's false testimony observed by the judge during trial. In *Grayson,* the defendant argued that the trial court's sentence amounted to punishment for perjury without an indictment, trial or conviction consistent with due process. The Court dismissed this argument, reasoning that it is proper and necessary to consider a defendant's conduct at trial for a rational sentencing decision.

Mr. Harris urges that *Grayson* does not control the instant case because the trial judge did not merely consider whether the defendant lied at trial, but rather improperly presumed that the defense witnesses' testimony, which he believed to be false, was

given at Mr. Harris' direction. Mr. Harris argues that there was no foundation in the record for the assumption that he had brought the defense witnesses to trial to lie. Furthermore, he argues that the trial judge had no basis for attributing subornation of perjury to him as distinguished from his co-defendant.

The respondents argue that *Grayson* permits a sentencing judge to consider his belief that the defendant set up witnesses to lie on his behalf.

■ The flaw in the respondents' argument is that the alleged subornation of perjury inferred by the trial judge did not occur in his presence. *Grayson* "reaffirm[ed] the authority of a sentencing judge to evaluate carefully a defendant's testimony on the stand" and to consider material falsehoods in the testimony when imposing sentence. —— U.S. at ——, 98 S.Ct. at 2618. The trial judge could properly determine that a witness for the defense lied under oath at trial. However, unless the subornation of perjury occurred in his presence or unless the record reflected independent evidence of subornation of perjury, it is not fair for the trial judge to presume that the false testimony of a defense witness was given at the defendant's direction. A friendly defense witness may lie on his own initiative and not necessarily at the defendant's direction.

■ For these reasons, I conclude that due process precludes the trial judge from imposing a sentence based in part on a belief which is not supported by the record that Mr. Harris suborned perjury by the defense witnesses. Since it is possible that the sentence in this case was enhanced by such a belief by the trial judge, a writ of habeas corpus will be granted unless the state resentences the petitioner without regard to the alleged subornation of perjury.

Therefore, IT IS ORDERED that the petition for a writ of habeas corpus be and hereby is granted unless, within 60 days, the state resentences the petitioner consistent with the decision in this case and so notifies the court within such time.